IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES LYON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0473-WS-B |
| | ) |
| DEPUY ORTHOPAEDICS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This removal action comes before the Court *sua sponte* on preliminary review of the Notice of Removal (doc. 1) and exhibits filed by defendants, DePuy Orthopaedics, Inc. and Johnson & Johnson Services, Inc.

In light of its narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted).[1] The Notice of Removal filed by DePuy and Johnson predicates federal jurisdiction exclusively on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000." *Underwriter's at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). Of course, it is defendants' burden (as the parties invoking federal jurisdiction) to demonstrate the existence of § 1332 jurisdiction, including the requisite amount in controversy. *See Dudley v. Eli Lilly and Co.*, 778 F.3d 909,

---

[1] *See also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (similar); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

913 (11th Cir. 2014) ("We have repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."). To meet this burden, defendants must show either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted). What defendants may not do, however, is resort to "conjecture, speculation, or star gazing" to satisfy the $75,000 threshold. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Upon review of the Notice of Removal, the Court has reservations about the adequacy of defendants' legal and factual showing as to the amount-in-controversy requirement, as summarized in the foregoing authorities. Plaintiff, James Lyon, asserts claims against defendants on theories of AEMLD liability, negligence, and breach of warranty relating to allegedly defective hip implant devices that Lyon received. However, the largely generic Complaint says precious little about Lyon's individual circumstances, much less his specific injuries or damages claimed. The only factual allegations in the Complaint concerning Lyon himself are that he received two defective hip implants in 2006, and that those implants were replaced with other artificial hips in 2016. (Doc. 1-1, ¶ 10.) The "Damages" section includes vague statements that Lyon "has sustained … severe and permanent injury to his body generally," that he "has suffered physical pain and mental anguish" in the past and will continue to do so in the future, that he "has suffered from physical impairment and disfigurement" in the past and will continue to do so in the future, and that he has incurred and will incur "medical, hospital, and nursing expenses." (*Id.*, ¶ 51.) The "Prayer" section of the Complaint makes similarly non-specific references to "past, present and future loss of income and/or loss of earning capacity; loss of life's enjoyment; hedonic damages;" and punitive damages, without quantifying, detailing or otherwise explaining any of those categories. (*Id.* ¶ 53.)

The fundamental weakness in defendants' reliance on these allegations on the face of the Complaint is that they say essentially nothing about Lyon's circumstances. They are silent as to the nature, form and extent of Lyon's physical injuries and impairment, his pain and mental anguish, his past and likely future medical expenses, his loss of enjoyment of life, or his lost wages or earning capacity. The Court cannot accept a blanket proposition that anyone who ever received a defective hip implant must be claiming an amount of damages in excess of $75,000.

Yet the allegations of the pleading leave the Court guessing as to what aspects and attributes of Lyon's particular injuries and damages might reasonably support a determination that the amount in controversy exceeds the minimum jurisdictional threshold. And of course, the § 1332 amount-in-controversy threshold is not necessarily satisfied simply because the plaintiff has asked for punitive damages. *See, e.g., Crocker v. Lifesouth Community Blood Centers, Inc.*, 2016 WL 740296, *3 (S.D. Ala. Feb. 23, 2016) ("a claim for punitive damages in a negligence / wantonness case does not automatically, necessarily vault the amount in controversy over the § 1332 jurisdictional threshold").

Accordingly, the following briefing schedule (confined to jurisdictional issues relating to the amount in controversy) is entered: Plaintiff must file a memorandum of law, supported by legal authority as appropriate, on or before **November 15, 2017**, setting forth his position as to whether the amount-in-controversy requirement is satisfied. Defendants will be allowed until **November 22, 2017** to file a response. If the Court determines that oral argument is appropriate, the parties will be notified and a hearing will be scheduled. Otherwise, the jurisdictional issue will be taken under submission after **November 22, 2017**.

DONE and ORDERED this 2nd day of November, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE