# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES LYON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 17-0473-WS-B |
| DEPUY ORTHOPAEDICS, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on defendants' Consent Motion to Stay All Proceedings (doc. 6). As grounds for this Motion, defendants state that the Judicial Panel on Multidistrict Litigation has established an MDL proceeding in the U.S. District Court for the Northern District of Texas for coordinated pretrial proceedings in all DePuy Pinnacle hip product liability cases pending in federal courts nationwide. According to defendants, a transfer of this action to that MDL proceeding is likely in the near future. On that basis, defendants posit that in the absence of a stay pending such transfer of this case to the MDL proceeding, judicial and litigant resources would be squandered in duplicative discovery, motions practice and court rulings. Defendants represent that plaintiff's counsel has consented to a stay of proceedings in this action, provided that plaintiff reserves all rights to file a motion to remand this case to state court.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).[1] "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[1] *See also Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing court's discretion to stay pending proceedings in order to save time and effort for parties and the court).

counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Thus, in determining whether a stay is appropriate in a particular case, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F. Supp.2d 1, 3 (D.D.C. 2007) (citations omitted).

As a general matter, the Court agrees that, where transfer of an action to MDL proceedings appears imminent, a stay pending such transfer may be an appropriate exercise of judicial discretion. Indeed, under those circumstances, a stay may promote the interests of efficiency and judicial economy, may conserve time and resources and avoid duplication of effort, and may eliminate any risk of prejudice to the parties. In this case, however, there is an important extenuating circumstance. Yesterday the undersigned entered an Order (doc. 8) questioning the existence of subject matter jurisdiction in this removal action and fixing a briefing schedule for the parties to address the Court's concerns. Obviously, if subject matter jurisdiction is lacking, then this action was not properly removed to federal court and should not be considered for transfer to the MDL proceedings. Indeed, in the absence of subject matter jurisdiction, the only appropriate course of action would be to remand these proceedings to Mobile County Circuit Court, without regard to anything the MDL Panel might be considering. *See, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) ("Once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.") (citation omitted); *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) ("If the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction.") (citation and internal quotation marks omitted); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court"). Accordingly, it is necessary for this Court to get to the bottom of the jurisdictional question and the propriety of defendants' Notice of Removal now, notwithstanding the possibility of an MDL transfer at some future time. After all, if federal subject matter jurisdiction were deemed lacking, then this case does not belong in federal court at all and could not be properly transferred to the MDL proceedings, so a stay to facilitate such a transfer would be pointless and counterproductive.

For all of the foregoing reasons, defendants' Consent Motion to Stay All Proceedings (doc. 6) is **granted in part**, and **denied in part**. The Consent Motion is **denied** insofar as defendants may be seeking relief from the jurisdictional briefing obligations imposed by the Order entered on November 2, 2017. Such briefing must be completed in accordance with the deadlines established by that Order and this Court will complete its jurisdictional inquiry, notwithstanding the specter of a future transfer to MDL proceedings. In all other respects, however, the Consent Motion to Stay is **granted**. Pursuant to the stay, defendants' deadlines for filing an answer or other responsive pleading are **suspended** until 14 days after the MDL Panel enters a ruling on any request for transfer of this action to the consolidated MDL proceedings in the Northern District of Texas.

In light of this ruling, defendants' Consent Motion for Extension of Time (doc. 9) filed this morning is **moot**.

DONE and ORDERED this 3rd day of November, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE